McKinney, J.,
delivered the opinion of the court.
The complainants on the 29th of December, 1849, filed this bill, in which they allege that they are the distributees of the estate of James Allen, who died intestate, in the State qf Alabama, in the year 1838 , that the defendant, Baugus, who is a resident of Hardeman county in this State, is indebted to the estate of said James Allen in the sum of five hundred dollars, by an obligation under seal, executed by the former to the latter, on the 24th of March, 1838; that no administration on the estate of said Allen had ever been granted, either in Alabama or Tennessee ; but, that if required, the appointment of an administrator would be procured ; that said defendant was removing or about to remove himself or property beyond *405 the limits of this State, and praying an attachment, &c. In a few days thereafter, to wit: on the 8th day of February, 1850, complainants filed a supplemental bill, reciting the matters charged in the original bill, and setting forth the appointment of George C. Allen as administrator of the estate of said James Allen, by the county court of Fayette county, Tennessee, since the filing of the original bill, and making said ad-, ministrator a party defendant.
The administrator answered, submitting to such decree as the court might deem proper. The defendant, Eaugus, having failed to answer in proper time, a judgment pro confesso was entered, which was afterwards set aside by consent, and leave given him to put in an answer. He thereupon filed an answer, in which he admits the execution of the obligation as charged in the bill; and without more, claims the benefit of a demurrer to the bill, on the final hearing, on which he relies as a defence to the ftll. The Chancellor, at the hearing, decreed the payment of said sum of money, with interest thereon, to be made to the administrator; from which decree the defendant Baugus appealed.
We must regard this case as though the defendant had submitted to answer without any exception to the bill. The benefit of a demurrer reserved in the answer can be of no avail; first, because, by the 26th rule of chancery practice, upon leave given merely to answer the bill, he was precluded from making his defence in any other mode, and could not either file a plea or demurrer to the bill, however well founded, without special leave of the court to do so; and, secondly, because the answer overruled the demurrer-being inconsistent with each other.
The position assumed for the defendant is, that the adminis■trator was an indispensible party to the original bill; that he alone had the right to bring or maintain the bill, and that therefore, the bill ought to have been dismissed.
*406 The question is, did the Chancellor err in disregarding this objection, and proceeding to decree for the complainants? We think not.
That the personal representative of the intestate is a necessary and indispensable party in this cause, admits of no question; this much is conceded by the counsel for the complainants. It is certainly true, also, that as the title to the goods and personal effects of an intestate rests in the administrator, every suit for the recovery of the debts or property belonging to the estate, ought properly to be in the name and behalf of such administrator; and such is the general rule. But in equity, there is no positive, inflexible principle of uniform application, in relation to parties. The general rules laid down in the books in respect to parties, are subject to various exceptions and qualifications, all of which have in view the same object — to meet the exigencies of particular cases, and to facilitate, not to defeat the great object of courts of equity — • the attainment of substantial justice. Hence, in general, a bill will not be dismissed even at the hearing for want of parties. If a decree cannot be made upon the merits of the cause without having other parties before the court, the bill will be retained and the hearing postponed until the proper parties can be brought in.
If the necessary parties are all before the court, it would seem to be no valid ground of objection, at least at the hearing, that some of them are defendants, who regularly ought to have been plaintiffs. In Wilkins vs. Fry, 1 Mer. 268, Sir William Grant says : “ In equity it is sufficient that all parties interested in the subject of the suit should be before the court, either in the shape of plaintiffs or defendants.”
All the parties being present, it is competent to the Chancellor, regardless of their attitude as plaintiffs or defendants,' upon the record so to mould the decree as to make a final and complete disposition of the cause, embracing the entire sub *407 ject matter and rights of all the parties having an interest in the suit.
In the case of Humphreys vs. Humphreys, 3 P. Williams’ R. 349, 350, the bill was brought by the next of kin for an account of the personal estate of one Lancashire, of which, at the time of filing, there was no personal representative, the executors having previously died; for which reason the defendant demurred to the bill, and the demurrer was allowed. But the plaintiff took out letters of administration, and having obtained leave of the court, presented this matter by way of amendment to the bill. To this it was objected, by plea, that as the taking administration was subsequent in time to the filing of the original bill, it ought to have been charged by way of supplemental bill; because the amendment incorporating itself with the original bill, it would appear to be filed before the administration taken out, and consequently before the right to sue commenced. But the Lord Chancellor overruled the plea, and held that it was sufficient that letters of administration had then been taken out; that when granted, they related to the time of the death of the intestate, as in the case where an executor, before proving the will, brings a bill, his subsequent proving the will makes such bill a good one, though the probate be after the filing thereof; and that the matter might be charged either by way of supplement or amendment.
So, in Fell vs. Lutividge, 2 Atk. 120, it was objected at the hearing, for the first time, that the plaintiff had not taken out letters of administration until after the bill was filed. But Lord Hardwick disallowed the objection on the ground, that it was sufficient that letters of administration had been taken out before the cause was brought to a hearing. In Goodrich vs. Pendleton, 4 John. Ch. Rep. 549, the authority of these decisions is recognized by Chancellor Kent.
*408 Other authorities might be cited upon this subject, but we think it unnecessary. The decree will be affirmed.